Argued October 9, affirmed December 18, 1975

ZINGANI, *Appellant, v.* FROST, *Defendant,*
UNIGARD INSURANCE COMPANY, *Respondent.*

543 P2d 674

*Paul J. Rask,* Portland, argued the cause for ap-
pellant. With him on the briefs were Rask & Soto-
Seelig, Portland.

*Edward H. Warren,* Portland, argued the cause for respondent. With him on the brief were Hershiser, Mitchell & Warren, Portland.

Before O'CONNELL, Chief Justice, and McALLISTER, DENECKE, TONGUE, HOWELL and BRYSON, Justices.

DENECKE, J.

The plaintiff brought this action on an insurance policy to recover the value of his tools which were stolen. The trial court sitting without a jury held for the defendant Unigard Insurance Company. Plaintiff appeals.

The plaintiff worked as an automobile body repairman for Mr. Frost. Plaintiff supplied his own tools which he left at Frost's shop. Frost had obtained insurance from Unigard in the form of a binder which provided that Unigard insured against the theft of "the specified property of the Insured" as well as other perils. Frost was named as the insured. The binder specified that "Tools, Grinders, Paint guns & Misc. parts" were insured.

Plaintiff's tools were stolen from Frost's shop. After Unigard refused to pay, plaintiff brought this action. He alleged Unigard insured him against the loss of his tools.

The trial court made both a finding of fact and a conclusion of law that the policy did not cover employees' tools. The plaintiff assigns the making of both the finding and the conclusion to be error.

If we look only to the language of the binder, with no assistance from any extrinsic evidence, the plaintiff's property interest in his tools is not insured as a matter of law. The binder states it insures the property of the insured, Frost.

■ If the language of the binder is considered uncertain and extrinsic evidence is received, interpretation of the coverage of the binder becomes a question for the trier of fact. *May v. Chicago Insurance Co.*, 260 Or 285, 292-294, 490 P2d 150 (1971).[1] The trier of fact decides the credibility of the witnesses and the inferences to be drawn from the evidence. The trial court made a finding of fact that plaintiff's tools were not insured.

■ The trial court's finding is supported by evidence, the most important being the language of the binder; therefore, the finding cannot be disturbed.

Affirmed.

TONGUE, J., specially concurring.

I reluctantly concur in the result of the majority opinion because I must agree that if the insurance binder is considered to be ambiguous, its interpretation then becomes a question of fact, with the result that a finding of fact on that question is binding upon this court if supported by substantial evidence.

In this case, however, the plaintiff made offers of proof, which were rejected by the trial court, to the effect that plaintiff's employer, in making arrangements with his insurance agent for insurance, told the agent that he wanted the insurance to cover his "mechanic's tools" and also told plaintiff that his tools were covered by insurance.

Assuming that such testimony would have been admissible on the question of the interpretation to be given to the terms of the insurance policy and that plaintiff had such an insurable interest as to

---

[1] Much of the extrinsic evidence offered by plaintiff was excluded by the trial court; however, the plaintiff has not assigned as error the rulings excluding the evidence. Therefore, we will not consider the rulings on the evidence.

entitle him to bring this action, it would appear to have been error to exclude that testimony. However, no such error is assigned on this appeal from that ruling by the trial court.

It must also be remembered that this is not an action against either plaintiff's employer or the insurance agent for breach of an agreement to procure insurance to cover plaintiff's tools. Neither is this an action to reform the insurance policy to conform to the terms of any oral understanding. Instead, this is an action against the insurance company on the policy of insurance and on the terms of that policy as issued by it.